# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **DAVID E. JOHNSON**, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. 17 C 1961 |
| | ) |
| **CITY OF CHICAGO**, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Pro se prisoner plaintiff David E. Johnson ("Johnson") has brought this action against the City of Chicago (the "City"), two detectives in its Police Department and two "John Doe" defendants, employing for that purpose the Clerk's-Office-supplied printed form of Complaint often used by such plaintiffs to charge civil rights violations under 42 U.S.C. § 1983 ("Section 1983"). Johnson has also tendered two other Clerk's-Office-supplied forms: an In Forma Pauperis Application ("Application") and a Motion for Attorney Representation ("Motion"). This Court has conducted the preliminary screening called for by 28 U.S.C. § 1915A(a),[1] and for the reasons explained in this memorandum opinion and order it finds no need to examine the viability or lack of viability of Johnson's Complaint ¶ IV Statement of Claim, nor is it necessary to order an update of the printout of transactions in Johnson's trust fund account at the Cook County Department of Corrections ("County Jail"), where he is in custody.

Before the latter subject is addressed, a threshold fundamental problem posed by Johnson's lawsuit figuratively jumps off the pages of his filing and strikes any informed reader in the eye. That problem has to do with the patent untimeliness of this action, which is clearly

---

[1] All further references to Title 28's provisions will simply take the form "Section --," omitting the prefatory "28 U.S.C. §."

barred by the applicable statute of limitations. So that subject will be addressed first in this opinion.

As always in such situations, the date of "filing" of Johnson's Complaint is determined under the "mailbox rule" prescribed by Houston v. Lack, 487 U.S. 266 (1988). That "filing" date necessarily antedates the March 13, 2017 date on which his papers were received in this District Court's Clerk's Office. But for present purposes it is unnecessary to identify a specific presumptive "mailbox rule" date, for it is certain that the "filing" date was after March 1. That is so because, even though the Complaint itself was signed by Johnson on February 2, 2017 and he dated the Motion on February 25 and the Application on February 26, the contemporaneously-filed printout of transactions in his trust fund account that accompanied the Application included a printed page with a printed March 1, 2017 date (that page carried a report of transactions through February 28).

That March 1 date sounds a potential death knell for Johnson's lawsuit. According to the hand-printed caption on his Complaint, he seeks to invoke 18 U.S.C. §§ 241 and 242 in addition to the usual resort to Section 1983. But those criminal statutes in Title 18 do not of course support the assertion of a private (as distinguished from a prosecutorial) action, and it is well settled that Section 1983 applies the Illinois two-year statute of limitation to Illinois-based claims under that statute.

In this instance Johnson's Complaint ¶ IV Statement of Claim contains a narrative that goes back to August 20, 2013 and ends with claimed violations of his constitutional rights that took place on February 19, 2015 -- more than two years before the March 1, 2017 date that marks the earliest possible "mailbox rule" filing date. And that means that Johnson's claim, with its modest prayer for relief seeking $20 million in damages, is plainly barred by limitations.

It is of course possible, though a rarity, that defendants targeted by claims under Section 1983 may elect not to raise a limitations defense. And because such a defense is nonjurisdictional, it would not be proper for this Court to dismiss this action sua sponte on that ground. Instead it is contemporaneously transmitting a copy of this opinion to the City of Chicago's Corporation Counsel's Office, requesting that a representative of that office file an appearance on or before April 21, 2017 (even though the City has not yet been served with process) together with a statement as to whether or not the City and the other defendants (all of whom are in its employ) will or will not raise a limitations defense.[2] This Court will then proceed accordingly.

To turn now to the procedure called for by Section 1915 whenever a pro se prisoner has sought to bring a lawsuit, the printout of transactions in Johnson's trust fund account at the County Jail for the six-month period that ended on March 1, 2017 (see Section 1915(a)(2)) reflects average monthly deposits to that account (see Section 1915(b)(1)(A)) that amounted to $123.50,[3] 20% of which (id.) comes to $24.71. Accordingly Johnson is assessed an initial partial filing fee of $24.71, and the County Jail trust fund officer is ordered to collect that amount from Johnson's trust fund account there and to pay it directly to the Clerk of Court ("Clerk"):

---

[2] As called for by this District Court's LR 5.2(f), a paper copy of that filing must be delivered to this Court's chambers shortly after the Clerk's Office filing.

[3] That amount is less than the actual figure because the trust fund account printout was not continuous -- there is an unexplained gap between October 4 and November 23, 2016. But because any deposits during that gap period would have to be divided by 6 to get the increase in the monthly average, and because that number would in turn have to be divided by 5 to calculate an increase in Johnson's initial required payment on account of the filing fee (see Section 1915(b)(1)), any steps taken to obtain the missing information would involve more trouble than can be justified.

Office of the Clerk
United States District Court
219 South Dearborn Street
Chicago IL 60604

Attention: Fiscal Department.

After such payment the trust fund officer at County Jail (or at any other correctional facility where Johnson may hereafter be confined) is authorized to collect monthly payments from his trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the trust fund account shall be forwarded to the Clerk each time the amount in the account exceeds $10 until the full $350 filing fee is paid. Both the initial payment and all future payments shall clearly identify Johnson's name and the 17 C 1961 case number assigned to this action. To implement these requirements, the Clerk shall send a copy of this order to the County Jail trust fund officer.

## Conclusion

As stated earlier, Johnson is obligated to pay the $350 filing fee in installments as mandated by Section 1915(b)(1), with an initial payment on account of that fee in the sum of $24.71. As for substance, a copy of this opinion is being transmitted to the City of Chicago's Corporation Counsel's Office, with instructions (1) to file an appearance on or before April 21, 2017 and (2) to accompany that appearance with a statement as to whether or not the defendants would plan to assert the statute of limitations bar described in this opinion.

_____
Milton I. Shadur
Senior United States District Judge

Date: March 29, 2017