# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **DAVID E. JOHNSON**, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. 17 C 1961 |
| | ) |
| **CITY OF CHICAGO**, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

This Court's March 29, 2017 memorandum opinion and order (the "Opinion") addressed the proposed pro se action by prisoner plaintiff David Johnson ("Johnson") against the City of Chicago (the "City"), two detectives in its Police Department and two "John Doe" defendants which sought to charge those defendants with civil rights violations under 42 U.S.C. § 1983 ("Section 1983"). Based on this Court's preliminary screening called for by 28 U.S.C. § 1915A(a),[1] the Opinion:

1. granted Johnson's contemporaneously filed application for leave to proceed in forma pauperis on the special terms that Section 1915 makes available to prisoner plaintiffs and

2. found that Johnson's claim was "plainly barred by limitations."

In that last respect, however, the Opinion stated that it would have been inappropriate for this Court to dismiss the action on limitations grounds at the outset:

> It is of course possible, though a rarity, that defendants targeted by claims under Section 1983 may elect not to raise a limitations defense. And because such a

---

[1] All further references to Title 28's provisions will simply take the form "Section --," omitting the prefatory "28 U.S.C. §."

> defense is nonjurisdictional, it would not be proper for this Court to dismiss this action sua sponte on that ground.

Accordingly this Court contemporaneously transmitted a copy of the Opinion to the City's Corporation Counsel's Office, requesting a statement as to the intention of the City in that respect.

On April 21 counsel for the City filed such a statement (Dkt. No. 11), asserting that the City "will not waive its right to assert the limitations bar against plaintiff's Complaint." That being the case, both the Complaint and this action are dismissed, and relatedly Johnson's motion for attorney representation (Dkt. No. 4) is denied as moot.

 _____
Milton I. Shadur
Senior United States District Judge

Date: April 21, 2017