# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **DAVID E. JOHNSON**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 17 C 1961 |
| | ) |
| **CITY OF CHICAGO**, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

Pro se plaintiff David Johnson ("Johnson") has filed a hand-printed Motion for Reconsideration of this Court's brief April 21 memorandum order that dismissed Johnson's attempted action claiming deprivation of his constitutional rights -- a memorandum order that was based on (1) this Court's March 29 opinion that had identified the obvious statute of limitations problems with Johnson's claim, followed by (2) defendants' statement of the intention to assert such a limitations defense. This Court had of course scrutinized Johnson's pro se Complaint carefully before its issuance of the March 29 opinion, and it has done so once again before issuing this memorandum order.

In Johnson's narrative account contained in his Complaint ¶ IV "Statement of Claim," the last events that he recounts as attributable to defendants were his rearrest on February 19, 2015 followed by his release "on the third day," so that he was not in custody by reason of that rearrest after February 22, 2015. And that being so, the delivery of his lawsuit papers to the Clerk's

Office on March 13, 2017 came about three weeks <u>after</u> the expiration of the two-year statute of limitations.[1]  Accordingly Johnson's current Motion for Reconsideration is denied.

                                               */s/ William D. Shadur*
_____
Milton I. Shadur
Senior United States District Judge

Date:  May 15, 2017

---

[1] It is worth noting that Johnson's signature affixed to his Complaint was dated by him <u>February</u> 2, 2017, so that he plainly had those papers ready for transmittal within the limitations period.  Hence he has no one but himself to blame for his failure to file a timely Complaint and action.