IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **DAVID E. JOHNSON**, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | USCA Case No. 17-2304 |
| | ) | District Court Case No. 17 C 1961 |
| **CITY OF CHICAGO**, et al., | ) | |
| | ) | |
| Defendants-Appellees. | ) | |

## MEMORANDUM ORDER

Prisoner plaintiff David Johnson ("Johnson") has taken an appeal from this Court's dismissal, on statute of limitations grounds, of his pro se Complaint and action against the City of Chicago ("City"), in which he sought to invoke 42 U.S.C. § 1983 ("Section 1983") to mount a constitutional challenge more than two years after the allegedly unconstitutional actions took place.[1] On June 23 the Court of Appeals entered this order (D. Ct. Dkt. No. 23):

> Accordingly, it is ordered that all other proceedings in this appeal are suspended pending the assessment and payment of any necessary fees. See <u>Newlin v. Helman</u>, 123 F.3d 429, 434 (7th Cir. 1997). The court will take no further action in this appeal until the fee status is resolved.

Although in this Court's view Johnson's appeal (like his lawsuit itself) is legally frivolous because its untimeliness is so clear, in the absence of "three strikes" under the provisions of

---

[1] Even though the untimeliness of Johnson's lawsuit was plainly evident from his own Complaint's allegations, this Court did not enter an up-front sua sponte order of dismissal because it was possible (although unlikely) that City might opt to waive the statute of limitations issue. This Court therefore ordered input from City's counsel on the subject, and when counsel responded that City would not waive the limitations defense this Court dismissed the Complaint and action.

28 U.S.C. § 1915(g), so that he is still entitled to call into play the special provisions of 28 U.S.C. § 1915 ("Section 1915") applicable to prisoner lawsuits or appeals. Accordingly this Court has calculated the average monthly deposits to Johnson's trust fund account during the six months ended on the date of filing his appeal[2] as amounting to $163.67. Hence Section 1915(b)(1) calls for payment of the appellate filing fees in installments, with the initial payment being 20% of that figure (id.) or $32.73 and with the payment of later installments as provided by Section 1915.

_____
Milton I. Shadur
Senior United States District Judge

Date: July 10, 2017

---

[2] That date was June 20, 2017, the date of "filing" under the "mailbox rule" dictated by Houston v. Lack, 487 U.S. 266 (1988) (see the notice of appeal entry in D. Ct. Dkt. No. 20).